UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD PERRY, JANE DOE PERRY
(minor child) and JOHN DOE PERRY
(minor child),

          Plaintiffs,

    -v-

ERIE COUNTY SUPREME COURT,
AMY MARTOCHE, MARY SLISZ,
AMY LEACH, KEITH KADISH, and
JOHN TRIGILIO,

          Defendants.
_____

**DECISION AND ORDER**

1:23-CV-00848 EAW

## INTRODUCTION

Plaintiff Richard Perry ("Perry"), an attorney admitted to practice in this Court, commenced this action on behalf of himself and his minor children Jane Doe Perry and John Doe Perry, seeking relief from a number of defendants, including his estranged wife Amy Leach ("Leach")[1], pursuant to 42 U.S.C. § 1983. (Dkt. 1). On July 22, 2024, the Court granted the defendants' motions to dismiss, including the motion filed by Leach. (Dkt. 20). Pending before the Court is Leach's motion to recover attorneys' fees, costs, and sanctions against Perry. (Dkt. 22). Perry did not file a response to the motion. For the reasons set forth, Leach's motion is granted.

---

[1] At the time the complaint was filed, Perry and Leach were still married but the divorce was finalized in 2024. (Dkt. 22-4 at 5).

- 1 -

## DISCUSSION

### I. Background

The factual and procedural background of this action is set forth in detail in the July 2024 Decision, familiarity with which is assumed for purposes of the instant Decision and Order. In her motion to dismiss, Leach sought to recover attorneys' fees, costs, and sanctions. (Dkt. 13-3 at 11-12). The Court denied Leach's request for sanctions without prejudice, indicating that any request for such relief needed to be filed in a properly supported and separately filed motion. (Dkt. 20 at 20 n.4). The instant motion is Leach's renewed request for such relief. Perry did not file a response to this motion. On November 12, 2024, oral argument was heard and Perry failed to appear.

### II. Legal Standards

Leach's motion for costs and fees is brought pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and the inherent authority of the Court.[2] The Court finds an award appropriate pursuant to both 28 U.S.C. § 1927 and 42 U.S.C. § 1988.

---

[2] Pursuant to Rule 54 of the Federal Rules of Civil Procedure, a claim for attorneys' fees must be made by motion no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Here, the judgment was entered on July 23, 2024 (Dkt. 21), and Leach's motion was filed 15 days later on August 7, 2024 (Dkt. 22). Although Rule 54 makes an exception for fee motions brought pursuant to § 1927, *see* Fed R. Civ. P. 54(d)(2)(E), no such exception is provided for motions brought pursuant to § 1988. At oral argument, counsel for Leach requested, and the Court granted, a one-day extension of her time to seek fees pursuant to § 1988, making the motion timely on both grounds. *Robert S. v. Comm'r of Soc. Sec.*, No. 6:16-CV-06780-EAW, 2022 WL 13789085, at *2 (W.D.N.Y. Oct. 24, 2022) ("While Rule 54 requires a fee motion be filed within 14 days, a court 'may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1)(B))).

A.	28 U.S.C. § 1927

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."³  A decision to impose sanctions pursuant to § 1927 is within the Court's discretion and is authorized "'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose,' and upon 'a finding of conduct constituting or akin to bad faith.'"  *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (quoting *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000)); *see also Cooper v. Upstairs, Downstairs of New York, Inc.*, No. 21-1032-CV, 2024 WL 1904575, at *1 (2d Cir. May 1, 2024) ("Section 1927 provides that an attorney who unreasonably and vexatiously multiplies the proceedings in [a] case may be required by the court to pay attorney's fees and costs, 28 U.S.C. § 1927, but also requires a showing of subjective bad faith by counsel." (quotations and citation

---

³	"Sanctions under the court's inherent power are appropriate when a party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Walker v. Smith*, 277 F. Supp. 2d 297, 301 (S.D.N.Y. 2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46)). The "only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power" is that an award granted "under § 1927 [is] made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Because here, a sanction is only appropriately awarded against Perry, and not as to his minor children, the Court need not consider its inherent authority as an alternative basis to award the relief sought by Leach.

omitted)); *Derek Smith L. Grp., PLLC v. E. Side Club, LLC*, No. 23-1015-CV, 2024 WL 1756106, at *1 (2d Cir. Apr. 24, 2024) ("'Imposition of sanctions under a court's inherent powers [or 28 U.S.C. § 1927] requires a specific finding that an attorney [or law firm] acted in bad faith' and is 'appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes.'" (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009))). In addition, notice and an opportunity to be heard by the non-moving party is a procedural requirement before awarding § 1927 sanctions. *Gollomp*, 568 F.3d at 368.

"A finding of bad faith in this context requires a district court to determine both that challenged conduct 'was without a colorable basis' and that it was pursued in bad faith, '*i.e.*, motivated by improper purposes such as harassment or delay.'" *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 282-83 (2d Cir. 2021) (quoting *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). "For a claim to be without color it must lack any legal or factual basis." *Id.*

B.   **42 U.S.C. § 1988**

Where, as here, an action is brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," subject to certain exceptions not relevant here. 42 U.S.C. § 1988(b). An award of fees to prevailing *defendants* pursuant to this statute is available as a remedy, but such awards are appropriate "only when the plaintiff's 'claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co.*

*v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Argentieri v. Town of Evans,* No. 20-CV-806-LJV, 2024 WL 4452071, at *13 (W.D.N.Y. Oct. 8, 2024) ("Awards to prevailing defendants, . . . 'protect defendants from burdensome litigation having no legal or factual basis.'" (quoting *Belton v. Borg & Ide Imaging, P.C.*, 585 F. Supp. 3d 323, 328 (W.D.N.Y. 2022))); *United States v. Carranza*, No. 1:20-CV-05396 (GHW)(SDA), 2024 WL 4314713, at *4 (S.D.N.Y. Sept. 27, 2024) ("The Second Circuit has instructed that it should be rare for a prevailing defendant . . . to be awarded attorney's fees [under Section 1988]." (quoting *Robinson v. Town of Kent*, No. 11-CV-02875 (ER), 2012 WL 3024766, at *8 (S.D.N.Y. July 24, 2012))).

### III. <u>Leach's Sanctions Motion</u>

Leach argues that Perry's conduct warrants the imposition of sanctions under the foregoing authorities. Because Perry's claims against Leach were entirely baseless, were brought for improper purposes, and were pursued even when their patent frivolousness was evident, the Court agrees.

Perry is a practicing attorney. His pursuit of a § 1983 claim against his former spouse with no legal or factual basis to conclude that any of her actions were taken under color of state law was clearly meritless. *See Pappas v. Lorintz*, 832 F. App'x 8, 13 (2d Cir. 2020) (holding that plaintiff's ex-spouse and her attorney were "not state actors, nor were they 'acting under color of state law,' and therefore are not subject to a § 1983 claim" (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014))); *Sticesen v. Fay*, 783 F. App'x 26, 27 (2d Cir. 2019) (affirming dismissal of § 1983 claims against plaintiff's ex-wife and her attorney arising from child custody dispute for failure to state a claim

where there were no allegations that defendants were state actors). It is inconceivable to think that Perry could have believed otherwise and his failure to respond to the motions to dismiss only operates as a concession on that point. In addition, Perry's failure to withdraw his meritless claims when faced with motions to dismiss, outlining the clear lack of support for the claims, wasted time and judicial resources.

In addition, by asserting patently baseless claims against his former spouse, Perry could only have intended to harass Leach. For example, in *Davey v. Dolan*, 453 F. Supp. 2d 749, 758 (S.D.N.Y. 2006), *aff'd*, 292 F. App'x 127 (2d Cir. 2008), the plaintiff, an attorney proceeding *pro se*, commenced frivolous litigation against his former spouse and her sister arising from events related to their divorce proceedings. The court concluded that "[g]iven the utter lack of merit of plaintiff's claims, his vexatious litigation history, and the fact that he has continually and continues to file repetitive suits despite prior court orders, the Court can only reasonably conclude that his actions were 'undertaken for some improper purpose,' namely to continually harass the defendants," and awarded fees and expenses pursuant to § 1927. *Id.* at 758. So too here, the only plausible explanation for Perry's conduct was that it was done to harass Leach as part of contentious divorce proceedings. The Court cannot countenance such conduct being pursued by officers of the court. Perry's failure to respond to the pending motion or appear at oral argument, despite being given adequate notice and opportunity to do so, or to even attempt to justify his conduct, further confirms a lack of good faith on his part.

For these reasons, Leach's motion for attorneys' fees and costs is granted. Leach is directed to provide an additional submission that documents the fees and costs sought in

- 7 -

accordance with the terms set forth below. *See Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed.").

## **CONCLUSION**

For the reasons set forth above, Leach's motion for sanctions is granted. Within 30 days of entry of this Decision and Order, Leach shall make a supplemental submission documenting the amount of her reasonably incurred attorneys' fees and costs. Perry may file a reply within 14 days of Leach's filing, at which time the matter will be deemed submitted without oral argument unless the Court advises otherwise.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 14, 2024
       Rochester, New York