UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD PERRY, JANE DOE PERRY
(minor child) and JOHN DOE PERRY
(minor child),

               Plaintiffs,

     -v-

ERIE COUNTY SUPREME COURT,
AMY MARTOCHE, MARY SLISZ,
AMY LEACH, KEITH KADISH, and
JOHN TRIGILIO,

               Defendants.
_____

**DECISION AND ORDER**

1:23-CV-00848 EAW

Plaintiff Richard Perry ("Perry"), an attorney admitted to practice in this Court, commenced this action on behalf of himself and his minor children Jane Doe Perry and John Doe Perry, seeking relief from a number of defendants, including his estranged wife Amy Leach ("Leach"), pursuant to 42 U.S.C. § 1983. (Dkt. 1). On July 22, 2024, the Court granted the defendants' motions to dismiss, including the motion filed by Leach. (Dkt. 20). On August 14, 2024, the Court granted Leach's motion to recover attorneys' fees, costs, and sanctions against Perry. (Dkt. 26). In the Decision and Order granting the motion for fees and costs, the Court directed Leach to make a supplemental submission documenting the amount of her reasonably incurred attorneys' fees and costs. Although Perry was permitted leave to file a reply within 14 days of Leach's filing, he did not file

any opposition to Leach's application.  For the reasons set forth, Leach is awarded attorneys' fees in the amount of $12,080.

## **DISCUSSION**

The Court granted Leach's motion for costs and fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988.  Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Alternatively, where, as here, an action is brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," subject to certain exceptions not relevant here.  42 U.S.C. § 1988(b).

"If the court determines that an award of fees is warranted, it must then 'determine what fee is reasonable.'"  *Capital2Market Consulting, LLC v. Camston Wrather, LLC,* No. 22 CIV. 7787 (VM), 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Under the "lodestar" approach, the Court calculates a "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours spent.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Oriska Corp. v. Highgate LTC Mgmt., LLC*, No. 121CV104 (MAD/DJS), 2022 WL 17475599, at *2 (N.D.N.Y. Dec. 6, 2022) ("Attorneys' fees are to be a 'reasonable fee, reached by multiplying a reasonable

hourly rate by the number of reasonably expended hours.'" (quoting *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)).

To assess whether the lodestar is reasonable, the court may consider the following variables:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill,* 522 F.3d at 184.  Courts may also consider case-specific factors including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3.  "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed."  *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020) (quotation and citation omitted).

In this case, Leach's counsel seek a lodestar of $15,451.50. (*See* Dkt. 27-1). The lodestar was reportedly calculated using an hourly rate of $325 for Anthony Faraco, Jr.[1], $400 an hour for Barry Covert, and $100 an hour for Megan Bridge, a paralegal. (*Id.* at ¶¶ 3, 5).

With the foregoing principles in mind, the Court examines the reasonableness of the hourly rates and hours requested.

**A. Hourly Rates**

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill*, 522 F.3d at 190). A starting place for an assessment of a reasonable hourly rate is the rate the attorney charges his or her paying clients. *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").

In most cases, in determining the reasonableness of the hourly rate, the Court will adhere to the "forum rule," "which states that a district court should generally use the

---

[1]    Although Leach's application indicates that the hourly rate used to calculate the attorneys' fees in Exhibit A for Anthony Faraco is $325 (Dkt. 27 at ¶ 5), in that exhibit, many entries reflect a $340 hourly rate for this attorney (Dkt. 27-1). This discrepancy is not explained. Because the Court determines that a further reduction is warranted, it need not resolve the inconsistency.

prevailing hourly rates in the district where it sits." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 617-18 (E.D.N.Y. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009)); *see also Ortiz v. Stambach*, No. 1:16-CV-00321 EAW, 2023 WL 2058075, at *13 (W.D.N.Y. Feb. 17, 2023) ("There is a presumption that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally, and the burden is on the attorney seeking a higher rate to rebut that presumption."). However, courts need not strictly adhere to the forum rule in all cases and reasonable attorney fee rates may vary "depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 704 (E.D.N.Y. 2018) (quotation marks omitted).

Leach does not provide support to substantiate the requested hourly rates of $325 and $400 for the attorneys working on this case. In general, the prevailing hourly rate for an experienced attorney in a civil rights matter in this District is typically closer to $300 per hour. *See Ortiz*, 2023 WL 2058075, at *13 ("In the Western District of New York, the prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour, while less experienced attorneys typically have rates of no more $200 per hour."); *Warr v. Liberatore*, No. 13-CV-6508 MWP, 2022 WL 969528, at *5 (W.D.N.Y. Mar. 31, 2022) (collecting cases and finding, in civil rights action, that $350 per hour rate for experienced attorney was unreasonable and should be reduced to $295 per hour). However, higher rates have been approved in particular cases where the skill level and expertise of the counsel involved is apparent. *See Ryan v. Town of Tonawanda*, No.

23-CV-351-LJV(F), 2025 WL 997362, at *2 (W.D.N.Y. Apr. 1, 2025) ("Accordingly, while allowing for some inflation effect and taking into account Plaintiff's counsel's extensive litigation experience, the court finds a reasonable hourly rate for counsel's time to be $350 per hour."); *Peacock v. City of Rochester*, No. 6:13-CV-6046-MAT, 2016 WL 4150445, at *7 (W.D.N.Y. Aug. 5, 2016) (awarding fees at rate of $425 an hour based on particular expertise of attorneys).

In this case, Perry, a practicing attorney, did not object to the rates sought by Leach's counsel. And although Leach did not provide support for the rates sought, the Court is personally familiar with the professional reputation and work of Barry Covert, who has served as counsel in almost 200 cases in this District, and concludes that approval of a $400 hourly rate for his legal work is appropriate. *See Cano v. Tremson Recycling LLC*, No. 24-CV-1612 (JGK) (RWL), 2025 WL 964552, at *15 (S.D.N.Y. Mar. 14, 2025) ("[C]ourts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted." (quoting *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *2 (S.D.N.Y. Sept. 1, 2010)), *report and recommendation adopted*, 2025 WL 964253 (S.D.N.Y. Mar. 31, 2025); *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, No. 99-CV-745S, 2006 WL 543788, at *6 (W.D.N.Y. Mar. 3, 2006) ("[T]he Second Circuit has stated that 'a judge may rely in part on [his] own knowledge of private firm hourly rates in the community.'" (quoting *Assoc. for Retarded Citizens of Ct., Inc. v. Thorne*, 68 F.3d 547, 554 (2d Cir. 1995))). On the other hand, Anthony Faraco does not have nearly the experience of Mr. Covert, the Court is not familiar with Mr. Faraco outside the context of this case, and there

has been no information presented to the Court to justify the requested rate. Therefore, the Court will apply a rate of $250 an hour for the work performed by Mr. Faraco. These rates adequately compensate the attorneys for their success in this matter and are commensurate with prevailing rates in the Western District.

### B.  Number of Hours

Leach seeks compensation for 40 hours of legal work by Anthony Faraco, 4.7 hours by Barry Covert, and 2 hours by paralegal Megan Bridge.

"In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quotation omitted). Attorney time of 44.7 hours to prepare a successful motion to dismiss and motion for fees is not unreasonable, nor is it unreasonable for an attorney to include time spent strategizing with a client or more senior attorney, particularly where the time for those entries were not excessive or duplicative. For these reasons, the Court concludes that Leach is entitled to reimbursement of legal fees for 4.7 hours at a rate of $400 an hour, 40 hours at a rate of $250 per hour, and 2 hours of paralegal time at a rate of $100 an hour for a total of $12,080.

### C.    Costs

Finally, the Court declines to award costs. "The moving party 'bears the burden of adequately documenting and itemizing the costs requested.'" *Feuer v. Cornerstone Hotels Corp.*, No. 14CV5388JFBSIL, 2021 WL 4894181, at *8 (E.D.N.Y. Oct. 20, 2021) (quoting *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM) (SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013)). Here, Leach seeks

costs in the amount of $411.18.  (Dkt. 27-1).  However, the costs for Westlaw research have not been adequately supported.  *Doe v. Warren & Baram Mgmt. LLC*, No. 20-CV-9522 (ER) (VF), 2024 WL 2941222, at *14 (S.D.N.Y. May 3, 2024) (denying application for Westlaw costs), *report and recommendation adopted*, 2024 WL 3342602 (S.D.N.Y. July 9, 2024); *Brinkmann v. Town of Southold, New York*, No. 21-CV-2468 (LDH) (JMW), 2023 WL 11969895, at *13 (E.D.N.Y. June 20, 2023) (denying recovery for legal research "because the undersigned is unable to determine to whether these computer costs were warranted due to lack of documentation"), *report and recommendation adopted*, 2024 WL 4355514 (E.D.N.Y. Sept. 30, 2024); *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2022 WL 17832303, at *8 (S.D.N.Y. Dec. 21, 2022) (noting that Westlaw costs are compensable "on a proper record").  Similarly, a November 14, 2024 entry for $106.18 provides no explanation at all for the expense.  Because these costs have not been properly substantiated, they are not compensable and Leach's application for the recovery of costs is denied.

## **CONCLUSION**

For the foregoing reasons, the Court grants Leach's application for attorneys' fees, awarding her $12,080.  Perry is directed to make this payment within 30 days.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  May 7, 2025
         Rochester, New York

- 8 -